UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

MARCELLO SCURTO,

                              Plaintiff,

        v.                                              9:14-CV-1270
                                                        (GLS/CFH)

DANIEL MARTUSCELLO, et. al.,

                              Defendants.

─────────────────────────────────

APPEARANCES:

MARCELLO SCURTO
13-A-2147
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

GARY L. SHARPE
Chief United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

        The Clerk has sent to the Court for review a pro se civil rights complaint filed by

plaintiff Marcello Scurto pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an

application to proceed in forma pauperis.  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP

Application").

## II.    DISCUSSION

### A.    IFP Application

        Upon review of plaintiff's IFP Application, the Court finds that plaintiff has

demonstrated sufficient economic need and filed the inmate authorization form required in the Northern District of New York.  Therefore, plaintiff's IFP Application (Dkt. No. 2) is granted.

**B.    Initial Screening**

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

---

[1]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

3

C.    Summary of the Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in plaintiff's complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

Plaintiff is a prison inmate currently being held at Five Points Correctional Facility ("Five Points C.F.").[2]   Compl. at 1.  From May 2013 until February 2014, plaintiff was confined at Coxsackie Correctional Facility ("Coxsackie C.F.").  *Id*. On December 12, 2013, plaintiff was directed by the company officer to pack up his possessions for a move to keep lock.  *Id*. at 4.   While escorting plaintiff to the housing block, the officers used derogatory

---

[2] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).  Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

terms and racial epithets. *Id.* When he arrived at his cell, plaintiff was ordered by Officer Adalian ("Adalian") to "get up against the wall". *See id.* at 4. Adalian and other officers assaulted plaintiff. *See id.* Plaintiff was "dragged off" to the facility clinic and treated for a "multitude of injuries". *See id.* Plaintiff was taken to Albany Medical Center and x-rays revealed several broken ribs, bruises and abrasions. *See id.* at 5.

Plaintiff claims that Daniel Martuscello ("Martuscello"), Superintendent of Coxsackie C.F. "incorporated rules, polices and procedures . . . that his officers [. . . ] maliciously assaulted and battered [. . .] plaintiff." *See id.* Plaintiff also claims that Martuscello and the Deputy Superintendent of Security ("Deputy of Security")[3] at Coxsackie C.F. failed to properly train the officers. Plaintiff alleges that Martuscello and the Deputy of Security violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. *See id.* at 6. Plaintiff alleges that Sergeant Graham ("Graham"), failed to properly supervise the officers and failed to provide plaintiff with a safe environment resulting in violations of plaintiff's Eighth and Fourteenth Amendment rights. Compl. at 8. Plaintiff claims that Adalian, Officer Torrigleo ("Torrigleo") and Officer McGuire ("McGuire") assaulted plaintiff in violation of his Eighth and Fourteenth Amendment rights. *See id.* at 9. Plaintiff also "realleges" the facts set forth in the complaint against John Does 1, 2, 3 and 4. See id. at 11.

### D.    Analysis

### 1.    Personal Involvement

It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v.*

---

[3] Plaintiff has not identified the Deputy Superintendent of Security by name.

*Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'"  *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.  In other words, supervisory officials may not be held liable merely because they held a position of authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[4]

---

[4]  Whether all five *Colon* factors for supervisor liability remain available in light of the Supreme Court's decision in *Iqbal*, 556 U.S. 662, has been debated by the district courts in this circuit.  *See, e.g., Pearce v. Estate of Longo*, 766 F. Supp. 2d 367, 376 (N.D.N.Y. 2011), *rev'd in part on other grounds sub nom., Pearce v. Labella*, 473 F. App'x 16 (2d Cir. 2012) (recognizing that several district courts in the Second Circuit have debated *Iqbal*'s impact on the five *Colon* factors); *Kleehammer v. Monroe Cnty.*, 743 F. Supp. 2d 175, 185 (W.D.N.Y. 2010) (holding that "[o]nly the first and part of the third *Colon* categories pass *Iqbal*'s muster . . . ."); *D'Olimpio v. Crisafi*, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (disagreeing that *Iqbal* eliminated *Colon*'s personal involvement standard).

6

In the complaint, plaintiff names Martuscello and the "Deputy Superintendent of Security" as defendants.  Plaintiff claims that Martuscello created a policy that violated plaintiff's constitutional rights and, further, that Martuscello and the Deputy of Security failed to train and supervise the officers.  Cmplt. at 6.  The complaint contains no further reference to Martuscello or the Deputy of Security.  Plaintiff has not identified how Martuscello or the Deputy of Security were even aware that an alleged assault occurred.  The complaint is devoid of any reference to any letter or other correspondence notifying the aforementioned defendants of any assault.  Moreover, plaintiff did not allege that Martuscello or the Deputy of Security directly participated in any alleged constitutional violation as outlined in the complaint.  Conclusory claims that a supervisory official failed to provide proper training and supervision or created a policy, without facts showing personal involvement, are legally insufficient to state a claim under any of the categories identified in *Colon*.  *See Bridgewater v. Taylor*, No. 08-Civ-3593, 832 F.Supp.2d 337, 348 (S.D.N.Y. Dec. 21, 2011); *White v. Fischer*, No. 9:09-CV-0240 (DNH/DEP), 2010 WL 624081, at *6 (N.D.N.Y. Feb.18, 2010) ("Vague and conclusory allegations that a supervisor failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability."); *see also Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) (vague and conclusory allegations that a supervisor has failed to properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) (dismissal of a Section 1983 claim is proper where plaintiff does no more than allege defendant was in charge of the prison).  The Court recognizes that plaintiff is proceeding pro se and that this requires the Court to treat his pleadings with a certain degree

of liberality; despite this, plaintiff's conclusory allegations against Martuscello and the Deputy of Security are wholly insufficient to state a plausible claim.  Plaintiff's claims against Martuscello and the Deputy of Security are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2.    Excessive Force

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  This includes punishments that "involve the unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  Pretrial detainees held in state custody receive protection against dangerous prison conditions under the Due Process Clause of the Fourteenth Amendment.  *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009).  Here, plaintiff does not allege whether he was incarcerated at Coxsackie C.F. as a pretrial detainee or as a convicted prisoner, however the standards for establishing a constitutional violation for excessive force under the Eighth Amendment and Fourteenth Amendment are identical.  *Id*. at 72; *see also U.S. v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components:  (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency."  *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d

8

Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9).  The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[t]he Supreme Court has emphasized that the nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained."). "Accordingly, when considering the subjective element of the governing Eighth Amendment test, a court must be mindful that the absence of serious injury, though relevant, does not necessarily negate a finding of wantonness." *Wynter v. Ramey,* No. 11-CV-0257 (DNH/DEP), 2013 WL 5465343, at *5 (N.D.N.Y. Sept. 30, 2013) (citations omitted).

> a.   **Adalian**

Plaintiff identified the time and location of the alleged assault and specifically claimed that Adalian participated in the alleged assault.  Plaintiff also described the injuries he allegedly sustained as a result of the incident.  Thus, mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment excessive force claim against Adalian survives sua sponte review and requires a response.  *See Snyder v. McGinnis*, No. 03-CV-0902, 2004 WL 1949472, at *6 (W.D.N.Y. Sept. 2, 2004) (the complaint survives sua sponte review because the allegations of excessive force set forth in the complaint included the time, severity and resulting injuries).

In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

### b.    McGuire and Torrigleo

Plaintiff attempts to allege a cause of action for violation of his constitutional rights against McGuire and Torrigleo.  However, the complaint is devoid of specific factual allegations showing personal involvement by McGuire or Torrigleo.  Plaintiff incorporates the names of these defendants in the "First Cause of Action", but does not refer to McGuire or Torrigleo within the "statement of facts" and does not assert any specific allegations of wrongdoing by McGuire or Torrigleo, including what each defendant did or failed to do. *See King v. Warden*, 13-CV-5307, 2013 WL 5652756, at *1 (E.D.N.Y. Oct. 11, 2013) (the plaintiff failed to set forth any factual allegations in the complaint against the officers and failed to demonstrate the defendant's direct or personal involvement in the actions and thus, the complaint did not comply with Rule 8 of the Fed. R. of Civ. P.)  Plaintiff summarily states that McGuire and Torrigleo "maliciously, sadistically and viciously assaulted" him but makes no specific accusations regarding force exerted by McGuire or Torrigleo.  Other than Adalian, plaintiff only states "a battalion" of unnamed and unidentified officers assisted Adalian with the assault.   *See* Compl. at 4.  In the absence of factual allegations sufficient to plausibly suggest that McGuire or Torrigleo were personally involved in conduct that violated plaintiff's constitutional rights, the complaint fails to state a cognizable claim against them. *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("[d]ismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff") (citation omitted); *see also Groves v. Davis*, No. 11-CV-1317 (GTS/RFT), 2012 WL 651919, at *6 (N.D.N.Y. Feb. 28,

2012) (the plaintiff named a sergeant as a defendant in the caption and listing of parties but failed to set forth any allegations of fact regarding the conduct of the defendant).   As a result, plaintiff's allegations against McGuire and Torrigleo are dismissed without prejudice for failure to state a claim under 1983.

### 3.     Claims Against Graham

Plaintiff claims that Sergeant Graham failed to protect him and failed to supervise the officers.  Allegations that an officer failed to intervene and prevent assaults are sufficient to state an Eighth Amendment failure to protect claim.  *See Rogers v. Artus*, No. 13-CV-21, 2013 WL 5175570, at *3 (W.D.N.Y. Sept. 11, 2013).  However, in order to succeed on a claim of failure to protect, the inmate "must establish both that a substantial risk to his safety actually existed and that the offending [defendant] knew of and consciously disregarded that risk."  *See Walsh v. Goord*, No. 07-CV-0246, 2007 WL 1572146, at *9 (W.D.N.Y. May 23, 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1970)).  Here, plaintiff fails to assert sufficient facts to suggest that Graham consciously ignored a known risk to plaintiff or that Graham knew of, and disregarded, a substantial risk to plaintiff's safety.  Plaintiff has not alleged that Graham was present during the alleged assault.  *But see, Coriolan v. Decker*, No. 05-CV-6009, 2005 WL 1593931, at *1 (W.D.N.Y. July 5, 2005) (the failure to protect claim against a defendant/officer who ordered the plaintiff into a hallway and who called to a sergeant who assaulted the plaintiff, in the officers presence, were sufficient to survive initial review).  Moreover, plaintiff has failed to allege any personal involvement by Graham in the alleged assault and thus, his failure to supervise claims are also subject to dismissal.  *See Iqbal*, 129 S.Ct. at 1948 (government officials may not be held liable for the alleged unconstitutional conduct of their subordinates under the theory of respondeat superior); *see*

also *Bridgewater v. Taylor*, No. 08 Civ. 3593, 698 F.Supp.2d 351, 360(S.D.N.Y. Mar. 8, 2010) (the plaintiff provided only the bare, conclusory assertion that the sergeant was the offending officer's supervisor).  Accordingly, plaintiff's Eighth and Fourteenth Amendment claims against Graham will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 5.   John Doe Defendants

Plaintiff's claims against the John Doe defendants suffer from the same deficiencies as plaintiff's claims against McGuire and Torrigleo.  Plaintiff failed to make any specific factual allegations against the John Doe defendants.  The complaint is devoid of any facts demonstrating how these defendants were personally involved in violating plaintiff's constitutional rights.  Moreover, plaintiff does not set forth any cause of action against any John Doe defendant.  Plaintiff vaguely claims, "plaintiff realleges paragraphs 1 through 20 against John Doe I [II, III and IV] and demands judgment against Doe in favor of the plaintiff as set forth more fully in the prayer for relief".  *See* Compl. at 11.  Plaintiff does not articulate the deprivation of a federal right or otherwise state a cause of action for relief under 1983 as against the John Doe defendants.  The complaint is so conclusory that it fails to give defendants notice of the claims against them and the grounds upon which the allegations rest.  *See Dorsey v. Fischer*, No. 11-CV-1097, 2014 WL 843309, at *3 (W.D.N.Y. Feb. 27, 2014).  Thus, plaintiff's allegations against the John Doe defendants fail to state a claim upon which relief may be granted.  *See Dove v. Pesce*, No. 13-CV-5766, 2013 WL 5913799, at *3 (E.D.N.Y. Oct. 30, 2013) (the plaintiff failed to make any factual allegations against defendant John Doe officer).  Consequently, plaintiff's claims against the John Doe defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915A.

12

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **GRANTED.**[5]  The Clerk of the Court shall provide the Superintendent of the facility that plaintiff has designated as his current location with a copy of plaintiff's authorization form (Dkt. No. 3) and notify officials that plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the following claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Fourteenth Amendment and Eighth Amendment claims against Martuscello, Graham and the Deputy Superintendent of Security; (2) Eighth Amendment and Fourteenth Amendment claims of excessive force against McGuire and Torrigleo; and (3) claims against John Does 1, 2, 3 and 4[6]; and it is further

**ORDERED** that defendants Martuscello, Deputy Superintendent of Security, Graham, McGuire, Torrigleo and John Does 1, 2, 3 and 4 are **DISMISSED without prejudice** as

---

[5]  Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[6]  If plaintiff wishes to pursue one or more of the claims dismissed without prejudice, he is advised to seek leave to amend the Complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure and Rule 7.1(a)(4) of the Local Rules. Plaintiff is further advised that, if accepted for filing, any amended complaint will entirely replace their original complaint and incorporation of prior claims is not permitted. Therefore, any amended complaint should set forth all the claims plaintiff wishes to pursue and identify all defendants responsible for those claims.

defendants in this action[7]; and it is further

      **ORDERED**, that the Clerk shall issue a summons and forward it, along with copies of the Complaint, to the United States Marshal for service upon the remaining defendant.  The Clerk shall forward a copy of the Summons and Complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

      **ORDERED**, that a response to the complaint be filed by defendant, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

      **ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**;

---

[7] If plaintiff wishes to pursue any claims against these defendants, he is advised to seek leave to amend the Complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure and Rule 7.1(a)(4) of the Local Rules. Plaintiff is further advised that, if accepted for filing, any amended complaint will entirely replace his original complaint and incorporation of prior claims is not permitted. Therefore, any amended complaint should set forth all the claims plaintiff wishes to pursue and identify all defendants responsible for those claims.

and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on

plaintiff in accordance with the Local Rules.

Dated: January 13, 2015
       Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court